**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS**

RAY EARL ROBERTS,

    Plaintiff,

v.                                            Case No.

WAL-MART, INC.,

    Defendant.

## COMPLAINT

COMES NOW Plaintiff, RAY EARL ROBERTS, by and through counsel, Tony L. Atterbury and William L. Barr, Jr. of Brad Pistotnik Law, P.A. and for the Plaintiff's claims against Defendant, WAL-MART STORES, INC. (WAL-MART), alleges and states:

1. Plaintiff, RAY EARL ROBERTS, is a resident of Kansas.

2. This Court has proper venue and jurisdiction over the parties and subject matter.

3. Defendant, WAL-MART STORES, INC. (WAL-MART), is a Delaware Corporation that maintains and operates various discount retail outlets at locations both in Kansas and throughout the United States. It may be served in Kansas at the office of its registered resident agent, The Corporation Company, Inc. located at 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

5. Prior to and on August 16, 2018 Defendant, WAL-MART, was in the business of owning and operating retail discount stores in Kansas and throughout the United States.

1

6. Prior to and on August 16, 2018 Defendant, WAL-MART, maintained shopping aisles between merchandise cases in its store # 186 located at 301 S Village Rd, El Dorado, KS.

7. On August 16, 2018 employees of Defendant, WAL-MART, had allowed an unmarked puddle of water to accumulate and remain on the aisle floor in front of that aisle's display case where customers routinely walked while shopping.

8. On August 16, 2018 Plaintiff, RAY EARL ROBERTS, was shopping as a business customer at the above-mentioned store and was at all times herein relevant in the exercise of reasonable care for his own safety.

9. On August 16, 2018 Plaintiff, RAY EARL ROBERTS, was caused to slip and fall by the above-mentioned unmarked puddle of water that had been left standing on the surface of the aisle floor next to its display case.

10. For all allegations contained in this complaint the acts and omissions of the employees, agents, independent contractors and servants are the acts and omissions of Defendant, WAL-MART, under the doctrines of both Respondeat Superior and Vicarious Liability.

11. At the abovementioned time and place and at all times herein relevant, the actions and omissions of the employees, agents and independent contractors of Defendant, WAL-MART are the actions and omissions of Defendant, WAL-MART, both individually and under the doctrines of Respondeat Superior and Vicarious Liability which upon information and belief, are negligent, careless, and wanton and include, but are not limited to:

   a) Failed to use ordinary and reasonable care to maintain its premises in a safe condition for customers;

   b) Failed to repair a roof leak that allowed water to accumulate on the floor of a customer aisle on its premises;

c) Created a dangerous slip hazard by allowing water on the floor of a customer aisle;

d) Failed to warn of a dangerous slip hazard that had accumulated on a store walkway;

e) Failed to mark a dangerous slip hazard on a store walkway;

f) Allowed a dangerous unmarked slip hazard to remain on a store aisle walkway;

g) Failed to maintain its shopping aisles in a reasonably safe condition;

h) Failed to check for dangerous slip hazards in high traffic areas of its store;

i) Failed to clean up a dangerous slip hazard which it created or allowed in its store;

j) Failed to supervise inspection and maintenance of its shopping aisle floors;

k) Failed to utilize a safety system to check for routine water, maintenance concerns and/or flooring issues that could foreseeably cause injury to customers when Defendant knew or reasonably should have known that the flooring in its aisle was wet, slippery or defective and would knowingly cause harm to customers in its store;

l) Failed to utilize an audible warning system to warn customers of hazards and failed to have a system in place to help other customers warn management when they see a problem that needs to be fixed;

m) Failed to warn by placement of warning signs, cones or other warning devices to warn people the aisle floor was wet and slippery;

n) Failed to use ordinary and reasonable care in maintenance of the premises as required under the case of *Jones v. Hansen* 254 Kan. 499. (1994);

o) Failed to block or barricade the wet floor area to prevent customer injury;

p) Negligent hiring, retention, qualification, supervision, and training of its managers, employees, agents, independent contractors and supervisory personnel;

q) Defendant and its respective agents, employees and representatives was

careless, negligent and wanton for negligent hiring, training, supervision, and retention of store managers, assistant managers, employees, agents, independent contractors and other servants overseeing the day to day operation of the store as well as their statewide, regional and nationwide managers and other supervisory personnel. Defendant, negligently and/or wantonly hired unfit employees and agents and then failed to train, supervise, and monitor them and additionally retained employees and agents that were not performing their jobs properly or adequately. This includes, but is not limited to store management and supervisory personnel. Defendant has an obligation to use reasonable care in selecting and retaining their managers, employees, agents, and independent contractors, and was negligent in hiring, selection, training, monitoring and retaining their managers, employees, agents, and independent contractors, including, but not limited to the store manager at the store where the fall occurred. Defendant negligently and wantonly failed to use reasonable care in hiring, selecting, training, monitoring, and retention of its managers, employees and agents, including, but not limited to supervisory personnel.  Defendant, knew or reasonably should have known that it was not hiring safe and competent managers, employees, agents, independent contractors and supervisory personnel and negligently and wantonly violated its duty to hire safe and competent managers, employees, agents, independent contractors and supervisory personnel. Defendant, knew or reasonably should have known that its managers, employees, agents and independent contractors including, but not limited to its supervisory personnel, created and were an undue risk of harm to its customers including Plaintiff, and negligently and wantonly

4

        failed to reprimand, retrain, or terminate its managers, employees, agents, and independent contractors, including its supervisory personnel;

r) Defendant's hiring, training, monitoring, supervision, and retention of unsafe and incompetent employees, agents and independent contractors including the supervisory personnel proximately caused injuries to Plaintiff;

s) Failed to have adequate safety management protocols in place through the use of an employee orientation, use of safety manuals and training videos along with a comprehensive testing program that would allow it to determine if its safety program was comprehended and understood by its managers, employees, agents, independent contractors and supervisory personnel and was set up to inspect the premises and floors for hazards properly;

t) Other negligent actions and omissions that will be supplemented during the course of discovery.

14. As a proximate result of the negligent actions and omissions of the Defendant, WAL-MART, individually and by its employees, agents, independent contractors and servants the plaintiff, RAY EARL ROBERTS, was caused to fall resulting in severe and permanent injuries to his body including injuries to his head, cervical spine, thoracic spine and lumbar spine, facet arthropathy, nerve tissue damage with numbness; he may also have aggravated pre-existing conditions and was otherwise injured and damaged. Plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future, Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement and permanent

disability.  For the aforementioned damages, Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, Plaintiff, RAY EARL ROBERTS, prays for judgment against Defendant, WAL-MART STORES, INC., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for her damages, for her costs incurred in bringing this action, and for such other and further relief as the Court deems just and equitable.

>BRAD PISTOTNIK LAW, P.A.
>
> */s/ Tony L. Atterbury*
> Tony L. Atterbury, #20314
> William L. Barr, Jr., # 26775
> 10111 E. 21st Street, Suite 204
> Wichita, Kansas 67206
> 316-684-4400/Fax: 316-684-4405
> tony@bradpistotniklaw.com
> bill@bradpistotniklaw.com
> *Attorneys for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW Plaintiff and demands a pretrial conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW Plaintiff and designates Kansas City, Kansas as the place for trial in this matter.

>BRAD PISTOTNIK LAW, P.A.
>
> */s/ Tony L. Atterbury*
> Tony L. Atterbury, #20314
> William L. Barr, Jr. #26775